NATIONAL HARROW CO. v. WESCOTT et al.

(Circuit Court, N. D. New York. January 27, 1898.)

No. 6,346.

PATENTS—VALIDITY—SPRING-TOOTH HARROWS AND CULTIVATORS.

The Davis patent, No. 329,371, for improvements in roller spring-tooth harrows and cultivators, is to be construed as covering a harrow composed of separate frames detachably connected, each provided with spring teeth, and supported independently by rollers, and each, when supplied with ordinary handles, capable of separate use as a cultivator. Thus construed, the claim was not anticipated by the prior art.

This was a suit in equity by the National Harrow Company against Pulaski D. Wescott and others for alleged infringement of a patent for improvements in roller spring-tooth harrows and cultivators.

Edwin H. Risley, for complainant.

Strawbridge & Taylor, for defendants.

COXE, District Judge. This is an equity suit, based on letters patent No. 329,371, granted October 27, 1885, to R. W. and A. W. Davis for improvements in roller spring-tooth harrows and cultivators. The novel feature mainly relied upon by the complainant is the construction of the harrow with separate detachable frames, each frame, with the addition of suitable handles, being capable of use as a cultivator. In short, the structure is a roller spring-tooth harrow and cultivator combined. Three separate and distinct cultivators are united to form one harrow; they can, by simple manipulation, be separated again and used as cultivators and thus can be used interchangeably in one capacity or the other as occasion arises. The two rear frames, being narrow, are best adapted to use as cultivators and need only the addition of handles of the well-known form to make them operative tools. The first claim only is involved. It is as follows:

"A harrow composed of separate and distinct frames detachably connected, and each provided with a set of teeth and supported independently of the other by rollers connected with said frame, substantially as set forth and shown."

The defense is lack of patentability. Infringement is not denied. The idea of constructing a spring-tooth wheel harrow so that it could be used, at the option of the operator, either as one harrow or two cultivators, seems to have been new with the patentees. If anything of this kind had been done before, the record fails to disclose it. Thus to combine two necessary agricultural implements was plainly a saving to the farmer of time, labor and money. Harrows had been constructed in sections prior to the Davis invention but these sections were not intended for use as cultivators, never were so used and could not be so used without radical changes which would have destroyed their usefulness as component parts of a harrow. The court would be doing injustice to the complainant were it to construe the claim as covering broadly a three-part harrow, each part provided with rollers and teeth. To do this would be to ignore the specification, the drawings and the avowed object which the patentees had in view. When the claim is construed to cover a harrow composed of separate frames detachably connected, each provided with spring teeth and supported independently of the other by rollers connected with the frame, and each, when supplied with ordinary handles, capable of use as a cultivator, it is not anticipated or invalidated by anything in the prior art. The complainant is entitled to the usual decree.